**INDEPENDENT THEATRES, INC.,**
**Plaintiff,**

v.

**AMERICAN BROADCASTING–PARA-**
**MOUNT THEATRES, INC., et al.,**
**Defendants.**

United States District Court
S. D. New York.

Dec. 7, 1959.

See, also, D.C., 179 F.Supp. 489.

William Gold, New York City, for plaintiff.

Royall, Koegel, Harris & Caskey, New York City, for defendant Twentieth Century-Fox Film Corp.

LEVET, District Judge.

One of the defendants in the above-entitled action, to wit, Twentieth Century-Fox Film Corporation (hereinafter called "Twentieth Century-Fox") moves for an order pursuant to Rule 2(a) of the Civil Rules of this court, requiring plaintiff to file an original bond for costs in the sum of $250 in favor of the said defendant, Twentieth Century-Fox.

This is a motion picture anti-trust treble damage action which is brought in this court by the plaintiff, a Tennessee corporation, which operates motion picture theatres in and about Chattanooga.

On August 24, 1959, defendant served a demand requiring plaintiff to file a bond for costs in the sum of $250 to run in favor of Twentieth Century-Fox. Thereafter, this defendant was served with notice that the plaintiff had filed a cost bond in the amount of $250. This bond runs not only in favor of the defendant Twentieth Century-Fox, but also in favor of all the other defendants in the case and to the clerk of the court and to the marshal. Subsequent communications from the defendant demanded that the plain-

tiff supply a separate bond since there were ten defendants in this case. Now this motion is made.

Rule 2 of the Civil Rules of this court is as follows:

"Rule 2—Security for Costs

"(a) *By non-resident.* A plaintiff, who is not a resident of the State of New York, shall file within twenty days after service upon him of a demand therefor, a bond for costs in the sum of $250.00, unless the court, on motion and for cause shown, dispenses with the bond or fixes a different amount. The bond shall comply with the provisions of the General Rules and shall be conditioned to secure the payment of all fees that must by law be paid by the non-resident party to the clerk, marshal or other officer of the court, and all costs and disbursements of the action which he may ultimately be required to pay to any other party. If a bond in the sum of $250.00 is filed no approval thereof is necessary. The party filing the bond shall promptly serve on his adversary a copy thereof with notice of filing. If the bond is not filed within the time specified, or if the bond filed is found insufficient, the court, on motion of the defendant, may order that a sufficient bond be filed within a specified time, and, on motion of the defendant supported by a sufficient affidavit that the order has not been complied with, the action may be dismissed for want of prosecution.

"(b) *By other parties.* The court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate."

There are ten defendants in this action. The moving defendant is represented by separate counsel. Experience has shown that in this type of action costs of a substantial amount are frequently taxed.

This plaintiff is a non-resident. There is no proof of the solvency or net worth of the corporate plaintiff. The attorney merely states in effect that the plaintiff operates ten theatres; that the plaintiff is a highly responsible corporation whose business has been operating continuously more than forty years and is now being managed by its second generation of officers. No affidavit by a responsible officer of the plaintiff appears.

▉ Under the above-mentioned rule, it appears that this court, strange as it may seem, is unable to grant the relief sought by this defendant. The rules of the United States District Court for New Jersey are easily distinguished. Under the Southern District Rule it would appear that it is intended that one bond cover a multiple number of defendants.

Consequently, the motion must be denied.

So ordered.